Rhodes v Van Valkenburg (2025 NY Slip Op 01402)

Rhodes v Van Valkenburg

2025 NY Slip Op 01402

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-00987
 (Index No. 602127/17)

[*1]Patricia Rhodes, appellant, 
v
Kathleen Van Valkenburg, etc., respondent, et al., defendants. Dell & Dean, PLLC, Garden City, NY (Jay Massaro of counsel), for appellant.

Kelly Rode & Kelly, LLP, Mineola, NY (Susan Weihs Darlington of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered January 17, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Kathleen Van Valkenburg which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against her as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 10, 2017, the plaintiff commenced this action, among other things, to recover damages for medical malpractice against the defendant Kathleen Van Valkenburg (hereinafter the defendant) and others, alleging, inter alia, that the defendant engaged in a continuous course of treatment of the plaintiff from July 2013 to March 2016. Following the completion of discovery, the defendant moved, among other things, for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against her as time-barred. The Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
"A medical malpractice action must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (Weinstein v Gewirtz, 208 AD3d 717, 718 [internal quotation marks omitted]; see CPLR 214-a). "Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period; (2) the course of treatment was for the same conditions or complaints underlying the plaintiff's medical malpractice claim; and (3) the treatment is continuous" (Proano v Gutman, 211 AD3d 978, 981-982 [internal quotation marks omitted]; see Hall v Bolognese, 210 AD3d 958, 962).
Here, the defendant established, prima facie, that the cause of action alleging medical malpractice was time-barred, as she demonstrated that more than two years and six months had elapsed between the commencement of this action in March 2017, and the plaintiff's last visit with the defendant relating to the conditions and complaints underlying the plaintiff's medical malpractice [*2]claim, which occurred in May 2014.
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled by the application of the continuous treatment doctrine (see Massie v Crawford, 78 NY2d 516, 519; Proano v Gutman, 211 AD3d at 982). The evidence reflects, among other things, that the plaintiff's visits to the defendant that occurred after May 2014 were to address either aspects of the plaintiff's general eye care or conditions that developed independently of those underlying the medical malpractice cause of action. Contrary to the plaintiff's contention, the correspondence the defendant received from a specialist treating the plaintiff did not raise a triable issue of fact as to whether an actual course of treatment existed subsequent to May 2014 (see Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against her as time-barred.
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court